**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRIS GRINDLING, | No. 20-16254 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00206-JAO-KJM |
| v. | |
| DEREK KAAUKAI, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted June 21, 2021**

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Chris Grindling appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a

dismissal for failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

639, 640 (9th Cir. 2002).  We affirm.

The district court did not abuse its discretion by dismissing Grindling's action because Grindling failed to file an application to proceed in forma pauperis or pay the filing fee by the deadline set by the district court, and the district court warned him that failure to do so would result in dismissal.  *See id*. at 640, 642-43 (discussing the five factors for determining whether to dismiss for failure to comply with a court order and noting that dismissal should not be disturbed absent "a definite and firm conviction" that the district court "committed a clear error of judgment" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Grindling's motions for reconsideration because Grindling failed to establish any basis for relief.  *See Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**